UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **George L. Douglas**, # 249516, | C/A No. 9:07-2684-TLW-GCK |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| **Stan Burtt**, Warden of Lieber Correctional Institution; and **State of South Carolina**, | |
| Respondents. | |

## *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254.[1] On May 7, 1998, in the Court of General Sessions for Lexington County, the petitioner was convicted, in a jury trial, of first-degree criminal sexual conduct with a minor (Indictment No. 96-GS-32-2280) and was sentenced to life in prison. The petitioner states that his direct appeal was "DENIED" by the South Carolina Court of Appeals on or about December 20, 2000. The petitioner filed an application for post-conviction relief (Case No. 2001-CP-32-0473). The Court of Common Pleas granted post-

---

[1] In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

conviction relief, but the State's appeal was successful. *See Douglas v. State*, 369 S.C. 213, 631 S.E.2d 542, 2006 S.C. LEXIS® 214 (2006).

The petitioner's second application for post-conviction relief filed on or about July 16, 2007, is pending. In that second application for post-conviction relief, the petitioner has raised lack of subject matter jurisdiction, ineffective legal counsel, and prosecutorial misconduct.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978),

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to
(continued...)

*cert. denied, Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197, 2007 U.S. LEXIS® 6814 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375, 140 L.Ed.2d 529, 118 S.Ct. 1352, 1998 U.S. LEXIS® 2465 (1998)(citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53, 1986 U.S. App. LEXIS® 36955 (3rd Cir. 1986)(exhaustion required under § 2241).

---

(...continued)
state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied, Matthews v. Moore*, 522 U.S. 833, 139 L.Ed.2d 57, 118 S.Ct. 102, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-911 (citations omitted from quotation).

In any event, it is clear that the petitioner has not exhausted his state court remedies. Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). The petitioner's second application for post-conviction relief is pending. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. The applicant for post-conviction relief may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal. *Gibson v. State*, 329 S.C. 37, 41, 495 S.E.2d 426, 428, 1998 S.C. LEXIS® 6 (1998)(*citing* S.C. Code Ann. § 17-27-20(a)(1), (b); and *Simmons v. State*, 264 S.C. 417, 215 S.E.2d 883 (1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." *Gibson v. State, supra*, 329 S.C. at 42, 495 S.E.2d at 428. The Supreme Court of South Carolina has specifically stated: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *See In Re Exhaustion of State Remedies*

*in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454 (1990); and *State v. McKennedy*, 348 S.C. 270, 559 S.E.2d 850, 2002 S.C. LEXIS® 26 (2002).[4]

In his pending application for post-conviction relief, the petitioner has raised, *inter alia*, issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519-520, 1993 S.C. LEXIS® 98 (S.C. 1993)(issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).

In order to prevail on a claim of the ineffective assistance of counsel, a person in a habeas corpus or post-conviction proceeding must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington, supra*, 466 at 687-694. The second prong of the *Strickland* test is often called the "prejudice" component. *See also Williams v. Taylor*, 529 U.S. 362, 146 L.E.2d 389, 120 S.Ct. 1495, 2000 U.S. LEXIS® 2837 (2000).



---

[4]Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 1991 U.S. LEXIS® 3640 (1991); *Breard v. Pruett*, 134 F.3d 615, 619, 1998 U.S.App. LEXIS® 892 (4th Cir. 1998). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" *Matthews v. Evatt, supra*, 105 F.3d at 916 (quoting *Coleman v. Thompson, supra*, 501 U.S. at 750). This standard has been referred to as a "demanding burden." *Townes v. Murray*, 68 F.3d 840, 847, 1995 U.S.App. LEXIS® 30789 (4th Cir. 1995).

A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in *Strickland v. Washington, supra*, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986)("old" § 2254(d) standard); *Williams v. Taylor, supra* (standard under Anti-Terrorism and Effective Death Penalty Act); and *James v. Harrison*, 389 F.3d 450, 452-457, 2004 U.S.App. LEXIS® 23962 (4th Cir. 2004)(applying *Williams v. Taylor* standard), *cert. denied*, 544 U.S. 1005, 161 L.Ed.2d 782, 125 S.Ct. 1945, 2005 U.S. LEXIS® 3626 (2005). Hence, if the petitioner intends to raise any claims relating to ineffective assistance of counsel in a federal habeas corpus action, findings of fact by a South Carolina court are necessary before the petitioner can seek federal review of his conviction in a § 2254 proceeding.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).[5] Moreover, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g., Staggs v. State*, 372 S.C. 549, 643 S.E.2d 690, 2007 S.C. LEXIS® 134 (2007)(post-conviction relief granted on grounds of trial

---

[5]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearhouse Advanced Sheet # 19; and *Dunlap v. State*, 371 S.C. 585. 641 S.E.2d 431, 2007 S.C. LEXIS® 41 (2007)("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, 373 S.C. 4, 644 S.E.2d 36, 2007 S.C. LEXIS® 128, 2007 WESTLAW® 895105 (2007)(post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53, 2006 S.C. LEXIS® 392 (2006)(on issue of ineffective assistance of counsel); *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70, 2006 S.C. LEXIS® 177 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS® 221(2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).



The petitioner should be mindful that the General Assembly has enacted a one-year limitations period for post-conviction cases. *See* 1995 S.C. Acts 7, which has been codified at Section 17-27-45, South Carolina Code of Laws; *Sutton v. State*, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS® 285 (2004); and *Peloquin v. State*, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607, 1996 S.C. LEXIS® 57 (1996). *Cf. Leamon v. State*, 363 S.C. 432, 611 S.E.2d 494, 2005 S.C. LEXIS® 97(2005)(prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45); and *Green v. State*, 353 S.C. 29, 30, 576 S.E.2d 182, 183, 2003 S.C. LEXIS® 19

(2003)(the filing of a federal § 2254 petition does not toll the one-year limitations period of § 17-27-45, South Carolina Code of Laws).[6]

The petitioner has yet to exhaust at least two (2) viable state court remedies — his pending application for post-conviction relief and, if necessary, an appeal (petition for writ of certiorari) in the post-conviction case. Hence, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

Since the undersigned is recommending that the above-captioned case be dismissed *without prejudice* for failure to exhaust state remedies in light of the pending post-conviction case, the pending post-conviction case should, therefore, be deemed to have been "properly filed" for purposes of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Hence, when the petitioner files a new habeas corpus action after exhausting his state remedies, this court will not be presented with the factual situation in *Pace v. Diguglielmo*, 544 U.S. 408, 161 L.Ed.2d 669, 125 S.Ct. 1807, 2005 U.S. LEXIS® 3705 (2005).

---

[6]In any event, the filing of a federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254. *Duncan v. Walker*, 533 U.S. 167, 150 L.Ed.2d 251, 121 S.Ct. 2120, 2001 U.S. LEXIS® 4493 (2001).

8

## *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondents to file a return* because the petitioner's second post-conviction case filed on or about July 16, 2007, is pending. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

August 9, 2007
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

9

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).