In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **George L. Douglas, #249516**, ) | |
| ) | Civil Action No. 9:07-2684-TLW-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Stan Burtt, Warden of Lieber** ) | **OF THE MAGISTRATE JUDGE** |
| **Correctional Institution, and** ) | |
| **State of South Carolina,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

## I.    INTRODUCTION

The Petitioner, George L. Douglas ("Petitioner" or "Douglas"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). This case is before the undersigned United States Magistrate Judge pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The above-named Respondents have filed a motion for summary judgment. [25] As this is a dispositive motion, this Report and Recommendation is submitted for review by the District Court.

## II.    *PRO SE* PETITION

Douglas is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

The Lexington County Grand Jury indicted Douglas at the August 1996 term of court for criminal sexual conduct with a minor, first degree (96-GS-32-2280).  Attorney Kathy Evatt represented Douglas on these charges.  On January 5, 1998, the solicitor sent a letter to Douglas' counsel advising that the State would seek life without parole under the state recidivist statute because Douglas had a 1980 conviction for criminal sexual conduct, second degree.[1]  (PCR App. 194).  Prior to trial, John Hardaway, Esquire was appointed to replace Ms. Evatt as counsel for Petitioner.  (PCR App. 180-186).  On May 6-7, 1998, Douglas appeared before the Honorable Edward B. Cottingham and a jury.  Douglas was found guilty as indicted and Judge Cottingham sentenced him to life imprisonment without the possibility of parole.  (App. pp. 1; 153).

Douglas timely served and filed a notice of direct appeal from his conviction and sentence.  Assistant Appellate Defender Daniel T. Stacey of the South Carolina Office of Appellate Defense was appointed to represent Douglas in his direct appeal.  In a Final Brief of Appellant filed April 14, 2000, he raised the following issues:

---

[1] Petitioner argued before Judge Cottingham on January 27, 1998 (three months before Petitioner's trial) that he should have been told by his attorney on January 8 (at another hearing) that the Solicitor had announced by letter dated January 5, 1998 an intention to seek life without parole.  Petitioner appeared to object to not hearing this news from his attorney, and sought to have her removed from the case.  (Tr. 172) Petitioner told Judge Cottingham: "That Friday I got a statement in the mail where the assistant solicitor and my attorney already knew about a statement that [the assistant solicitor] wrote on January the 5th [regarding the solicitor's intent to seek life without parole]."  (Tr. 171)  Judge Cottingham informed the Petitioner:

> Actually, as I recall, they don't even have to serve you notice if you have got a prior [conviction] [.] . . . Let me say this to you, Mr. Douglas:  If there is [sic] two prior serious charges, and yours is serious, you have to send notice that you intent to seek life; but if you have a prior most serious and are standing trial for another one, the law is mandatory that you will receive a life sentence, and they don't have to even notify you.  So that is really not an issue. . . . .In your case they don't have do a thing.  All they have got to show is you have got a prior most serious and are convicted of this one.  . . .  So they don't have to send you notice because the law is going to give you notice.  (Tr. 172-73)

> 1. Whether the court erred when it permitted the doctor who examined the victim to present improper bolstering hearsay concerning the assault?
>
> 2. Whether the court properly sentenced appellant to life without parole where the state did not comply with the applicable statute requiring personal service on appellant?
>
> 3. Whether appellant's sentence violates the cruel and unusual punishment prohibitions of both state and federal constitutions?

(PCR App. p. 199)

The State filed its final brief on March 30, 2000.  (PCR App. pp. 212-235)  The South Carolina Court of Appeals affirmed the Petitioner's conviction by unpublished opinion filed December 14, 2000.  (PCR App. pp. 236-241)  Petitioner did not seek review by the Supreme Court of South Carolina.  The Remittitur was issued on January 9, 2001.

## B.  Douglas' Application for Post-Conviction Relief

On February 16, 2001, Douglas filed his application for post-conviction relief (the "APCR").  In his APCR, he raised three claims:

> (A) Because of the (10) ten day notice that wasn't given;
>
> (B) No DNA testing done in court;
>
> (C) The Recidivist Act.

The State filed its Return on June 26, 2001.  An evidentiary hearing in the matter was held before the Honorable Kenneth G. Goode, on April 14, 2003.  Douglas was present and represented by Frank A. Barton, Esquire.  Respondent was represented by Allen Bullard, Esquire , Assistant Attorney General for the State of South Carolina.  (App. pp. 250-269)  At the beginning of the hearing, PCR counsel amended the application to abandon the previous issues, and allege ineffective assistance of appellate counsel in failing to petition for rehearing and seek certiorari review from the state supreme court.  (PCR App. Pp. 253-258).  On June 17, 2003, the PCR judge issued a written order granting relief, only in so far as granting a "belated petition for rehearing with the Court of Appeals, and thereafter a petition for writ of certiorari with the South Carolina Supreme Court."  (PCR App. p. 272).  Petitioner appealed

to the Supreme Court of South Carolina to effect the belated review.  The State contested the grant of relief.  Mr. Barton continued representing Petitioner on appeal.

Petitioner timely filed his Application for PCR by Writ of Certiorari to the South Carolina Court of Appeals pursuant to SCACR Rule 227.  The Notice of Appeal was filed April 30, 2004.  In this appeal, Douglas raised two issues:

> I.     Is the Appellant entitled to review pursuant to *White v State*, 263 S.C. 100, 208 S.E.2d 35 (1974)?
>
> II.    Was the Appellant properly sentenced to life without parole when the State did not comply with S.C. Code Section 17-25-45 which requires written notice to the Defendant?

(Petition, Tab #5, p. 2).  The Respondent made a Return on June 9, 2004.  On May 4, 2005, the Supreme Court of South Carolina granted the petition and ordered additional briefing. (Tab #4)  Counsel filed a Brief of Petitioner on September 1, 2005.  The State filed a Brief of Respondent on January 3, 2006.  On June 20, 2006, the South Carolina Supreme Court reversed the grant of relief.  Tab #7, *Douglas v. State*, Opinion No. 26173 (S.C. Sup.Ct. filed June 20, 2006).  On June 22, 2006, Petitioner filed a petition for rehearing.  (Tab #8)  On July 7, 2006, the state court denied the petition, and issued the remittitur.  (Tab #9)

On July 17, 2007, Petitioner filed a second PCR application (Tab #11) in which he alleged the following:

> (a)     Because the LWOP Clause in § 17-25-45 H is not consistent with the LWOP in § 17-25-45 C.

(2007 PCR Application, p. 3).

On November 2, 2007, the State made its return and moved to summarily dismiss the application as impermissibly successive, and untimely under the state statute of limitations for a PCR action.  (Tab #12)  On November 9, 2007, the Honorable James W. Johnson, Jr., issued a conditional order of dismissal, finding the action should be dismissed as impermissibly successive and untimely.  (Tab #13)

## IV. FEDERAL COURT HISTORY

Douglas is presently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Douglas filed this Petition for a writ of habeas corpus (the "Petition") on July 30, 2007, during the time his second PCR application was pending in state court, against the above-captioned Respondents, Stan Burtt, Warden of Lieber Correctional Institution and the State of South Carolina.[2]  [1]  In his *pro se* Petition, Douglas raised two (2) grounds for relief:

I:      Misconduct by Prosecutor. . . Tracey Carroll Asst. Solicitor Lexington County.

    A.    Withholding Rule 5 Brady Evidence, Knowingly lying to Judge Cottingham on Jan17, 98 in a Transcript for Bond Reduction and... of counsel, she state to the judge on lines 8,9, and 10 that she didn't have any DNA results and asked SLED to please rush the ... I have proof on a fax letterhead from the solicitor office stating they had results early as10-10-96.

II.     Ineffective Counsel.

    A..   My lawyer had the fax from Tracey Carroll Asst. Solicitor and the Transcript from the Jan17, 1998 Hearing to show that she lied to Judge Cottingham in the Court Room on Jan.17, 1998, the Fax proves that is my lawyer raised the issue of misconduct by the Prosecutor any thing we brought up could have change.

On August 10, 2007, the undersigned issued a Report and Recommendation which recommended that the Petition be dismissed without prejudice and without service of process because the Petitioner's second post-conviction case was pending in state court. [7]  On October 29, 2007, the District Court declined to accept the Report and Recommendation and remanded the case to the undersigned for service. [11]  Accordingly, on October 31, 2007, the undersigned issued an Order which authorized service upon the Respondents and notified Douglas of the change of address rule. [16]  Thereafter, after requesting and receiving two extensions of time, on February 25, 2008, the Respondents filed a Motion for Summary

---

[2] In *habeas corpus* cases, the Petitioner has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition. In this case, the court has examined the envelope attached to Petitioner's Petition and has determined that the Petition was received by the Lieber Correctional Institution mailroom on July 30, 2007.

Judgment [25], a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Return") [26], and supporting exhibits.

The undersigned issued an Order filed on February 26, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Douglas of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondents' Return.[3] [27]  After no response from Douglas, an Order was filed April 3, 2008, allowing Petitioner an additional twenty days to respond to the Respondents' Return. [29]  Douglas filed his response to the Respondents' Return on April 4, 2008.  [31]

## V.    HABEAS CORPUS REVIEW

### A.  The Antiterrorism and Effective Death Penalty Act

The present habeas corpus Petition was filed on July 30, 2007.  Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

### B.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A "properly filed application for State post-conviction relief" tolls the time for filing.  28 U.S.C.

---

[3] The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

§ 2244(d)(2).  While state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; instead, the one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000).  Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court.  *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)"); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (application for state collateral review remains pending during the time to seek further review in the state courts, "until the application has achieved final resolution through the State's post-conviction procedures"[.]).  "[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation against the party.' "  *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), *quoting Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner's conviction became final at the conclusion of the direct appeal process on January 9, 2001, when the South Carolina Court of Appeals issued the remittitur.  (*See* Copy of Remittitur attached as Exhibit 18-L to Petitioner's Response to Return [31]).  As the Respondents correctly argue, the remittitur signals the end of the appeal process.  *See Christy v. Christy*, 317 S.C. 145, 151, 452 S.E.2d 1, 4 (Ct.App.1994)("The final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court.").  *See* also Rule 221 (b), *South Carolina Appellate Court Rules* (remittitur held for

fifteen (15) days after opinion to allow filing of petition for rehearing, and possible further request for review by state supreme court, but will issue if no petition for rehearing is received). Petitioner does not receive the benefit of an additional 90 days in which to seek certiorari from the United States Supreme Court as Petitioner failed to seek review from the state supreme court. The failure to seek certiorari from the Supreme Court of South Carolina precluded him from meeting the jurisdictional requirements of the United States Supreme Court. *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari..."). *See also Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1273 n.5 (D. Hawai'i 1999) ("Petitioner's failure to apply for certiorari at the state level divested the United States Supreme Court of jurisdiction to grant or deny a writ of certiorari" thus ninety (90) day period to seek certiorari did not apply). Therefore, Petitioner's federal time began to run after the issuance of the remittitur on January 9, 2001. Petitioner filed his PCR action on February 16, 2001, tolling the time period after the lapse of only thirty-seven (37) days. Petitioner's PCR action concluded with the state supreme court's issuance of the remittitur on July 7, 2006. Petitioner then had three hundred and twenty-eight (328) days left in which to timely file a habeas action. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court")(emphasis added). *See also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (the AEDPA time period does not re-start at conclusion of collateral litigation); *Haney v. Addison*, 175 F.3d 1217, 1220-21 (10th Cir. 1999)(same). The last day Petitioner had to timely file was Thursday, May 31, 2007. Petitioner did not file the instant action until July 30, 2007. Petitioner failed to file a timely petition.

Respondents acknowledge that Petitioner filed a second PCR action on July 17, 2007; however, that action was filed after the May 31, 2007 deadline and therefore cannot toll that deadline.  Moreover, that action has been conditionally dismissed as successive and untimely.  An untimely application for relief will not trigger the tolling provision of the statute.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").  Therefore, the second PCR is of no consequence in this calculation.  This action was not filed within the one-year statute of limitations for federal habeas actions, Section 2241(d), and it is recommended that it be dismissed.

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Respondents' Motion for Summary Judgment **[25] should be granted**.

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

May 15, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).